```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JAMES ELLISON and MARTHA WRIGHT,

    Plaintiffs,

v.                                  Civil Action No. 5:13CV136
                                                     (STAMP)
THE FUND FOR THEOLOGICAL EDUCATION, INC.
and STEPHEN LEWIS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

I.  Procedural History

On September 30, 2013, the defendants removed the above-styled civil action to this Court alleging diversity jurisdiction. The plaintiffs originally brought this action in the Circuit Court of Ohio County, West Virginia. The plaintiffs were employees of defendant The Fund for Theological Education, Inc. ("FTE"). Defendant Stephen Lewis ("Lewis") is the president of FTE. In their complaint, the plaintiffs assert claims under the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-1 et seq. In Count I, the plaintiffs assert that the defendants violated § 5-11-9 generally and § 5-11-9(7)(A). In particular, the plaintiffs allege that the defendants terminated their employment based on the plaintiffs' race and age, and because they raised concerns about violations under the WVHRA. In Count II, the plaintiffs allege that the defendants conspired to violate the WVHRA. The plaintiffs later filed a motion for leave to file an

amended complaint, which this Court granted following a hearing on the matter. ECF Nos. 38 and 47, respectively. In the amended complaint, the plaintiffs added Count III, alleging that the defendants violated the public policy of West Virginia as provided under the WVHRA. See W. Va. Code § 5-11-9 (2014).

The defendants' motion to reconsider[1] at issue relates to this Court's ruling that denied the defendants' motion for summary judgment as untimely. ECF No. 60. The scheduling order in effect required that all dispositive motions be filed by November 28, 2014. ECF No. 32. The defendants, three days after failing to file any such motion by that date, then filed a motion to amend the scheduling order. ECF No. 51. One week later, the defendants then filed a (1) motion for leave to file a motion for summary judgment, and (2) their motion for summary judgment. ECF Nos. 52, 53, and 54. The plaintiffs filed responses in opposition to the motion to amend the scheduling order and the later motion for leave to file a motion for summary judgment. ECF Nos. 57 and 58. Because the defendants failed to timely file their motion for summary judgment, this Court denied their motion for summary judgment as untimely, and also denied the defendants' other related motions. ECF No. 60.

---

[1]It should be noted that the defendants do not specifically indicate under which Federal Rule of Civil Procedure ("Fed. R. Civ. P.") they filed their motion for reconsideration. Because their motion pertains to an order of this Court, their motion will be construed as being filed under Federal Rule of Civil Procedure 60(b).

Following that ruling, the defendants filed a motion for reconsideration. ECF No. 61. In that motion, the defendants assert three arguments. First, the defendants claim that their office was closed during the Thanksgiving holiday, and that local counsel did not realize that the dispositive motion deadline arose. Regarding this claim, the defendants point out that local counsel discovered that he suffered from adenocarcinoma, a type of cancerous tumor. Due to the medical distractions and surgery required, local counsel allegedly lost track of the deadline. Second, the defendants claim that they sought consent from the plaintiffs to file an untimely motion for summary judgment, but never heard back. Specifically, they claim that counsel for the plaintiffs wanted to discuss with their clients whether or not to consent to the untimely filing, but allegedly never updated the defendants. Thus, the defendants filed the motions for leave and motions to amend. Third, the defendants claim that this Court previously granted the plaintiffs' various motions, despite their untimeliness. Regarding that argument, the defendants point to the fact that this Court granted the plaintiffs' motion to amend their complaint, which was filed after the deadline provided in the scheduling order. <u>See</u> ECF No. 47. Because of that, the defendants argue that this Court must treat both parties the same. Therefore, the defendants request that this Court grant their motion for reconsideration and allow them to file their dispositive motion.

The plaintiffs then filed a response in opposition. ECF No. 62. The plaintiffs first point out that the defendants cite no legal authority as to why this Court should grant their motion for reconsideration. Regarding that claim, the plaintiffs cite to case law that considers the granting of a motion to reconsider to be an extraordinary remedy. Next, the plaintiffs provide that the defendants produced no newly-discovered facts or law as to why this Court should "change its mind" on the matter, claiming that the defendants' reasons for tardiness are the same ones as those found in their motion to amend/correct the scheduling order. See ECF No. 51. Therefore, the plaintiffs argue that the defendants present no valid reason, whether factual or legal, as to why this Court should provide such an extraordinary remedy. Accordingly, they request that this Court deny the motion for reconsideration.

The defendants then filed a reply in support of their motion. ECF No. 63. In that reply, the defendants first argue that they have new evidence as to why this Court should grant their motion for reconsideration. Here, the defendants refer to local counsel's medical complications, which they claim was only discussed in the motion for reconsideration. Next, the defendants again claim that this Court has granted the plaintiffs' motions in the past, despite their untimely nature. Regarding that claim, the defendants again point to the granting of the plaintiffs' motion to file an amended complaint. The defendants then argue that no prejudice against the

4

plaintiffs will result if this Court grants their motion. However, the defendants then argue that failure to grant their motion will result in great prejudice to them. Here, they claim that since this Court's denial of their motion to file a motion for summary judgment, the plaintiffs significantly increased their settlement demand. Finally, the defendants claim that this Court should grant their motion in the interests of the fair administration of justice. For the reasons set forth below, the defendants' motion for reconsideration is denied.

## II. Facts

The plaintiffs, who are residents of Wheeling, West Virginia, worked for FTE until August 2013. In particular, plaintiff James Ellison started working for FTE in 2005, and plaintiff Martha Wright began in 2008.[2] Both plaintiffs are white and over the age of 50. FTE is a non-profit corporation that is organized under New York law and maintains it principal place of business in Georgia. In addition, defendant Stephen Lewis currently serves as the president of FTE.

The plaintiffs worked with a team of other employees to develop the "Volunteers Exploring Vocations Program." That program was funded by a grant that was allegedly scheduled to expire at the end of 2013. Further, the program maintained an office in

---

[2]The plaintiffs originally acted as consultants to FTE, but in 2010 they both became regular employees of FTE.

Wheeling, West Virginia, where the plaintiffs worked.  In 2013, the defendants planned to close the office in Wheeling, and offered the plaintiffs either full time jobs in Atlanta, Georgia, or consultant positions in Wheeling, West Virginia.  According to the plaintiffs, the defendants created a hostile work environment during this transition period, allegedly making racial and age-based remarks. In particular, the plaintiffs allege that defendant Lewis stated that the plaintiffs were a "problem . . . because the white people are in Wheeling and the African Americans are in Atlanta." Further, regarding the job offers in Atlanta, defendant Lewis allegedly said to the plaintiffs that "[w]hen I'm 63, I hope the organization I work for is as good to me as we are to you," and allegedly questioned plaintiff Ellison about why "he was still working at his age."  During this time period, the plaintiffs allegedly agreed to work until the end of 2013, but the defendants terminated their employment in August 2013.  Based on the alleged discriminatory remarks and other similar occurrences, the plaintiffs claim that the defendants terminated their employment based on their age and race, or that such discriminatory criteria served as a substantial factor for that termination.  In addition, the plaintiffs claim that the defendants also created a hostile work environment based on their age and race.

III. Applicable Law

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or other terms, relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1-6). Generally, motions to reconsider are "to be granted only in such extraordinary circumstances . . . . Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." United States S.E.C. v. Nat'l Presto Industries, Inc., 2004 WL 1093390, at *2 (N.D. Ill. Apr. 28, 2004) (quoting Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)); see Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988); Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330-31 (10th Cir. 1994). It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Examples of when a motion to reconsider may be appropriate include situations such as the following:

> [W]here . . . the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Id. at 101; Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185 (7th Cir. 1990).

## IV. Discussion

As discussed earlier, the defendants argue that this Court should grant their motion to reconsider for the following reasons: (1) the recent health concerns of the defendants' local counsel created distractions; (2) counsel for the plaintiffs failed to promptly indicate whether they would consent to the filing of an untimely motion for summary judgment; (3) that this Court, having granted the plaintiffs "untimely" motion to amend the complaint, must treat the parties equally; (4) that the defendants face great prejudice in any future settlement attempts; and (5) in order to fairly administer justice. In response, the plaintiffs contend that the defendants present no factual or legal reasons that warrant this extraordinary remedy.

The facts indicate that the defendants fail to satisfy any of the reasons listed under Federal Rule of Civil Procedure 60(b).

Regarding mistake or excusable neglect, the defendants point to their local counsel's recent health problems. Although this Court is sympathetic to their counsel's health and situation, the defendants admit that his health issues began in August 2014. ECF No. 61 *3. Therefore, the defendants' local counsel's health concerns fail to demonstrate a mistake or excusable neglect so as to satisfy Federal Rule of Civil Procedure 60(b). Concerning newly discovered evidence, the defendants again point to their counsel's health concerns, which again is an insufficient justification. As for the third reason under Federal Rule of Civil Procedure 60(b), which is fraud or misconduct by an opposing party, the facts fail to show that the plaintiffs engaged in such conduct. The defendants allege that the plaintiffs never updated them about whether the plaintiffs consented to the untimely filing of their motion for summary judgment. To the extent that the defendants use that alleged incident as an example of misconduct, that act, even if true, fails to amount to fraud or misconduct for purposes of Federal Rule of Civil Procedure 60(b). See, e.g., Abrahmsen v. Trans-State Exp., Inc., 92 F.2d 425 (6th Cir. 1996) (fraud or misconduct existed when opposing counsel provided a material witness whose testimony was false); Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 134 (6th Cir. 1990); Anderson v. Cryovac, Inc., 862 F.2d 910 (1st Cir. 1988); Carson v. Polly, 689 F.2d 562, 586 (5th Cir. 1982).

Regarding the defendants' remaining arguments, it appears that they argue that the final reason under Federal Rule of Civil Procedure 60(b)(6) applies. They stats that a motion for reconsideration may be granted for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). That catchall provision, however, does not apply to the defendants' remaining arguments. The defendants argue that this Court granted the plaintiffs' motion to amend their complaint, even though the deadline for filing an amended complaint expired. That ruling, however, was based on the standards applicable to whether a court should permit the filing of an amended complaint. See Fed. R. Civ. P. 15; Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369 (4th Cir. 2012); Matrix Capital Management Fund, LP v. Bearing Point, Inc., 576 F.3d 172 (4th Cir. 2009). The standards for deciding a motion for summary judgment or motion to reconsider, however, are different. Therefore, it is misguided to compare that prior ruling with the currently pending motion before this Court. Finally, regarding the defendants' claim of prejudice by the plaintiffs' settlement demands, such a claim fails to satisfy the standards for a motion to reconsider. It should be noted that this Court conducted a recent hearing on the plaintiffs' motion to amend their complaint. At that hearing, the defendants could have made the Court aware of any concerns about the deadlines contained in the current scheduling order. That did not occur. See ECF No. 55.

Accordingly, because the defendants fail to satisfy the any of the reasons under Federal Rule of Civil Procedure 60(b), their motion for reconsideration must be denied.

V. Conclusion

For the reasons discussed above, the defendants' motion for reconsideration (ECF No. 61) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: February 2, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE