IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES ELLISON and
MARTHA WRIGHT,

    Plaintiffs,

v.                                    Civil Action No. 5:13CV136
                                                  (STAMP)
THE FUND FOR THEOLOGICAL
EDUCATION, INC. and
STEPHEN LEWIS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**CONFIRMING THE PRONOUNCED ORDER OF THE COURT**
**REGARDING THE DEFENDANTS' MOTION IN LIMINE**
**AND DENYING THE MOTION IN LIMINE**
**REGARDING CHRISTINE REPOLEY AS MOOT**

I.    Background

The defendants removed the above-styled civil action to this Court under diversity jurisdiction. The plaintiffs were employees of defendant The Fund for Theological Education, Inc. ("FTE"). Defendant Stephen Lewis ("Lewis") is the president of FTE. The plaintiffs assert a common law claim for (1) retaliatory discharge based on the plaintiffs having raised concerns of a hostile work environment or other discriminatory conduct on the basis of race and age; and (2) a claim for discriminatory discharge on the basis of race and age, because a discharge based on both or either claims violates the public policy of the State of West Virginia as articulated in the West Virginia Human Rights Act ("WVHRA"). At issue now is the defendants' motion in limine.

In their motion in limine, the defendants first seek to exclude any evidence relating to the termination of employment of previous employees who are white and over the age of 50. ECF No. 64. They claim that testimony or evidence relating to previous employees of similar race and age should be excluded because those previous employees were not similarly situated in relation to the plaintiffs. Next, the defendants seek to exclude any evidence relating to Christine Repoley. In particular, the defendants allege that the plaintiffs intend to use testimony of defendant Lewis telling other employees in 2011 that Ms. Repoley would be a good replacement for plaintiff James Ellison. Because that incident allegedly occurred three years ago, the defendants believe that it is both irrelevant and immaterial to this civil action.

The plaintiffs filed a response in opposition. ECF No. 66. The plaintiffs believe that the testimony of previous employees that are white and over the age of 50 is relevant to their claim of discrimination by the defendants. Thus, the plaintiffs seek to include that evidence because such evidence is relevant to the type of discrimination that the plaintiffs argue occurred. Next, regarding the testimony and evidence of Ms. Repoley, the plaintiffs seek to include statements where defendant Lewis allegedly suggested Ms. Repoley as a replacement for plaintiff Ellison. This, according to the plaintiffs, helps demonstrate a motivation

by defendant Lewis when he allegedly pressured plaintiff Ellison to retire.

Following the parties' filings regarding the motion in limine, this Court, at the pretrial conference, directed the parties to further brief the issues related to the evidence about previous white employees over the age of 50. In analyzing the filings, it appears that the defendants later specified certain items of proffered evidence that they argue must be excluded under the motion in limine. ECF No. 85. After reviewing the parties' filings, this Court, in a letter to counsel for the parties dated March 9, 2015, granted in part and deferred ruling in part on the defendants' motion in limine. ECF No. 87. This civil action then proceeded to trial by jury, which commenced on Tuesday, March 11, 2015. This memorandum opinion and order confirms this Court's ruling provided in its letter to counsel, which granted the motion in limine except that the motion with respect to Mrs. Repoley is denied as moot.

## II. Discussion

A. Evidence of Alleged Discrimination Against Other Employees

As mentioned above, the defendants seek to exclude evidence related to previous white employees over the age of 50 who had their employment terminated by the defendants. In addition, at this Court's request, the parties further proffered more specific evidence that they intended to present. In particular, the

3

defendants indicated seven pieces of evidence that they specifically sought to exclude. ECF No. 85. The arguments and issues related to that evidence are discussed below.

1. Termination of Certain Employees

The defendants argue that the plaintiffs should not be allowed to present evidence that the defendants terminated the employment of nine employees over the age of 50 from January 1, 2011 to December 31, 2013. The defendants argue that such semi-statistical evidence is speculative, and more importantly, fails to demonstrate a prima facie case of discrimination. In particular, the defendants argue that the plaintiffs have not provided any necessary information about those previous terminations of employment, such as context, a connection with the plaintiffs' claims, and other similar factors.

This Court agrees with the defendants as to such evidence. As the United States Court of Appeals for the Fourth Circuit provided in Carter v. Ball, "the usefulness of statistics depends on the surrounding facts and circumstances." 33 F.3d 450, 456 (4th Cir. 1994) (citing Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 340 (1977)). Further, the fact that certain employees who were white and over the age of 50 were discharged "does not suffice to prove a prima facie case of discrimination without a comparison to the relevant labor pool." Carter, 33 F.3d at 456. In addition, "if a plaintiff offers a statistical comparison

without expert testimony as to methodology or relevance to plaintiff's claim, a judge may be justified in excluding the evidence." Id. at 457 (citing Williams v. Cerberonics, Inc., 871 F.2d 452, 455 n.1 (4th Cir. 1989)); see Foster v. Tandy Corp., 848 F.2d 184, *5 (4th Cir. 1987) (table decision) ("[R]aw statistics devoid of any context which relates those statistics to the alleged discriminatory practice are of minimal probative value."). Based on the above case law, the plaintiffs' proffered evidence should be excluded. Namely, they fail to provide sufficient context and analysis, or demonstrate how those terminations of employment are relevant or statistically significant in relation to the plaintiffs' situation. Further, those previous instances of termination that the plaintiffs seek to admit fail to show a connection between race or age and employment decisions.[1] The semi-statistical evidence that plaintiffs wish to use is speculative at best. Therefore, evidence regarding the termination of the previous employee's employment, as discussed above, must be excluded.

2. Sensitivity Training in 2011

The defendants argue that this Court should exclude evidence relating to alleged criticisms that certain individuals were racist. In particular, the plaintiffs point to an instance where

---

[1] It should be noted that defendants point out that of their current employees, 12 of the 14 are over the age of 40. See ECF No. 85 *4.

5

the plaintiffs' co-workers allegedly criticized other employees, including FTE's former president Trace Haythorn for being racists. The alleged comments were made at a sensitivity training session in 2011.

Regarding those comments, this Court finds that the comments or allegations related to that sensitivity training are too remote to be admitted. In particular, that event occurred in the summer of 2011. Further, none of the relevant decision-makers concerning the plaintiffs' terminations of their employment were present. As stated in United States v. Maryland & Virginia Milk Producers Ass'n

> [t]he question whether evidence is too remote is in all cases to be determined by the court. The decision depends in large part on the issues. It is the function and the duty of the court of its own motion to exclude evidence that it deems too remote, even though possibly it may have some nebulous logical distant relevancy to the issues.

20 F.R.D. 441, 442 (D.D.C. 1957). As one court stated, "To constitute probative evidence of discrimination, remarks must be proximate in time to the adverse employment decision at issue and be made by an individual with authority over the employment decision." Coleman v. Exxon Chemical Corp., 162 F. Supp. 2d 593, 625 (S.D. Tex. 2001). Further, "isolated statements can constitute direct evidence of discrimination, but statements must be contemporaneous to the adverse employment action." McCray v. Pee Dee Regional Transp. Authority, 263 F. App'x 301, 306 (4th Cir. 2008); Birbeck v. Marvel Lighting Corp., 30 F.3d 507, 511-12 (4th

Cir. 1994) (finding that evidence of allegedly discriminatory statements made over two years before the discharge of employees was too remote); see Auguster v. Vermilion Parish School Bd., 249 F.3d 400, 405 (5th Cir. 2001); Walker v. Wal-Mart Stores, Inc., 2013 WL 3940662, at *4 (N.D. Miss. July 31, 2013) ("Generally, comments made one year prior to an adverse employment action are too remote to constitute direct evidence of discrimination."). Analyzing the available case law on the matter, the alleged criticisms made at the sensitivity training in 2011 are too remote to be admitted. In addition, this event is not substantially similar to the events which constitute the subject of this civil action. Therefore, those comments related to the sensitivity training are excluded.

3. Criticism Concerning Reading Poetry

The defendants next assert that the plaintiffs seek to use statements of Matthew Williams, the former Director of Doctorate Fellowships at FTE. Allegedly, Mr. Williams criticized Lori Adams for reciting a poem by Maya Angelou[2] because she did not obtain permission from the African-American members of the staff before reciting it. Such a criticism, however, does not appear to be relevant to the matters in this civil action. As Federal Rule of Evidence 401 provides, evidence is relevant if "it has a tendency

---

[2] Maya Angelou is a famous author and poet who often was associated with African-American causes and efforts.

7

to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." Here, this evidence does not satisfy the requirements of that rule, and its relevancy is very questionable at best. Namely, it is of no consequence that Lori Adams read poetry by Maya Angelou, as related to the plaintiffs' claims. Further, even if it were relevant, evidence concerning the poetry incident is inadmissible under Rule 403 as any probative value would be substantially outweighed by unfair prejudice, confusing the issues, and undue delay. See <u>Old Chief v. United States</u>, 519 U.S. 172 (1997). Therefore, evidence relating to the incident where Lori Adams recited certain poetry by Maya Angelou must be excluded.

    4.   <u>Termination of Trace Haythorn's Contract and Remarks</u>

The plaintiffs seek to use evidence about the termination of Trace Haythorn's consulting contract and that Matthew Williams claimed that Mr. Haythorn made racist comments to him and Lewis, which allegedly occurred during the relevant time period.

Similar to other evidence discussed above, the plaintiffs here fail to provide sufficient information so as to show that Mr. Haythorn's contract was terminated due to discriminatory reasons. Further, the comments between those parties do not relate to the termination of the plaintiffs' employment, or at least the plaintiffs fail to indicate how it does. Accordingly, such evidence is also excluded.

5. <u>Sensitivity Training - "Elephant in the Room"</u>

The defendants argue that the plaintiffs seek to use additional statements from the 2011 sensitivity training session. The plaintiffs claim that defendant Lewis said an "elephant in the room" existed, supposedly referring to three white employees and their attitudes toward African-Americans. As discussed earlier, those statements, made over two years before the plaintiffs' discharge, are too remote. Further, the plaintiffs do not show how that statement, by itself, relates to any discrimination based on race or age. Accordingly, evidence relating to the above statement of defendant Lewis at that training session must be excluded.

6. <u>Concerns of Discharging "Older" Women by Laura Cheifitz</u>

The defendants argue that the plaintiffs seek to use testimony of Laura Cheifitz, a former employee of FTE. In particular, they seek to use her perceptions, which were formed following her exit interview, of an alleged pattern of terminating the employment of "older" women. That perception alone, however, does not reveal a discriminatory policy or practice at FTE. Further, insufficient evidence was proffered to show that Mrs. Cheifitz's perception or complaints bear a sufficient connection to the defendants' alleged discrimination against the plaintiffs. <u>See</u> <u>McPheeters v. Black & Veatch Corp.</u>, 427 F.3d 1095, 1103 (8th Cir. 2005) (affirming a district court's exclusion of evidence of other complaints of discrimination because the evidence did not indicate "what decision

9

makers or departments were involved in those complaints, and thus, the other complaints were not shown to bear a connection to the employees allegedly involved in discriminating against [the plaintiff]"). As stated in Bennet v. Nucor Corp., "'The question whether evidence of discrimination by other supervisors is relevant in an individual . . . case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" 656 F.3d 802, 811 (8th Cir. 2011) (internal citations omitted). The evidence pertaining to Mrs. Cheifitz's perceptions and the alleged patterns of termination do not sufficiently connect or relate to the plaintiffs and their experience. Therefore, that evidence must be excluded.

7. <u>Testimony Concerning a Pattern of Terminating Older Employees and Its Discussion at Staff Meetings</u>

The plaintiffs wish to have Lori Adams testify that the "subject of a pattern of terminating older employees was actually raised at an executive staff meeting" in October 2012 concerning the termination of employment of three employees. Further, the plaintiffs claim that Mrs. Adams will show that those three employees were considered a "problem" because they were over the age of 50.

Similar to the issues discussed above, the plaintiffs' evidence concerning the termination of those three employees in

10

October 2012 does not bear a sufficient connection to the plaintiffs' termination of employment. They fail to provide sufficient context and analysis, or demonstrate how those terminations of employment are relevant to the plaintiffs' situation. Further, those previous instances of termination that the plaintiffs seek to admit fail to show a connection between race or age and employment decisions, or that those three employees faced similar circumstances to those of the plaintiffs. Because of that, such evidence is not sufficiently relevant so as to be admitted. This Court does, pursuant to Federal Rule of Evidence 801, permit the evidence of the statement by Lewis to plaintiff Martha Wright,[3] to the extent it is identified in the plaintiffs' filing. ECF No. 81 *5.

B.  <u>Evidence Regarding Christine Repoley</u>

In their motion in limine, the defendants argue that evidence pertaining to the testimony of Christine Repoley should be excluded. In particular, the defendants allege that plaintiffs wish to admit evidence that Lewis told Lori Adams and others in 2011 that Ms. Repoley would make a "good director" of the program that plaintiff Ellison coordinated after he retired. Because that occurred over two years ago, and because such statements allegedly are immaterial, the defendants seek to exclude that evidence.

---

[3]The Court believes, from comments at trial, that the statement was made to plaintiff Ellison.

The parties, however, did not further discuss the matter in their memoranda filed in response to the pretrial order (ECF Nos. 81, 85, and 86). Therefore, a ruling on the defendants' motion in limine concerning Christine Repoley was by letter deferred pending further discussion with the parties. Christine Repoley did not testify at trial, and therefore the motion in limine relating to her testimony is denied as moot.

### III. Conclusion

For the reasons set forth above, the defendants' motion in limine (ECF No. 64) is GRANTED. This evidence is determined not to be relevant as required by Rule 401 of the Federal Rules of Evidence, and even if it is relevant, it is inadmissible under Rule 403 as any probative value would be substantially outweighed by unfair prejudice, confusing the issues, and undue delay. Further, concerning the defendants' motion in limine that pertains to Christine Repoley, that motion is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 17, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE